**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KEVIN CUMMINGS, | : | CIVIL ACTION NO. 07-4046 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : | |
| LISA P. JACKSON, | : | |
| Defendant. | : | |

**COOPER, District Judge**

The plaintiff <u>pro se</u>, Kevin Cummings, moves under Federal Rule of Appellate Procedure ("Appellate Rule") 4(a)(5)(A) to extend the time to file a notice of appeal ("Extension Motion"). (Dkt. entry no. 14.)  The Court will decide the Extension Motion on the papers and deny it.  <u>See</u> Fed.R.Civ.P. 78(b).

**BACKGROUND**

**I.    Primer**

    **A.    Appellate Rule 4(a)**

A notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered" in this type of "civil case".  Fed.R.App.P. 4(a)(1)(A). But pursuant to the Appellate Rule entitled "Motion for Extension of Time":

> The district court may extend the time to file a notice of appeal if:
>
>     (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
>     (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed

by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed.R.App.P. 4(a)(5)(A).  In addition, pursuant to the Appellate Rule entitled "Reopening the Time to File an Appeal":

The district court may reopen the time to file an appeal . . . but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Fed.R.App.P. 4(a)(6).

**B.  Appellate Rule 5(a)**

This rule, entitled "Petition for Permission to Appeal", states:

(1) To request permission to appeal when an appeal is within the court of appeals' discretion, a party must file a petition for permission to appeal.  The petition must be filed with the circuit clerk . . . .

(2) The petition must be filed within the time specified by the statute or rule authorizing the appeal or, if no such time is specified, within the time provided by Rule 4(a) for filing a notice of appeal.

(3) If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement.  In that event, the time to petition runs from entry of the amended order.

Fed.R.App.P. 5(a).

### C.   Appellate Rule 26(c)

This rule states:

When a party is required or permitted to act within a
prescribed period after a paper is <u>served</u> on that party,
3 calendar days are added to the prescribed period
unless the paper is delivered on the date of service
stated in the proof of service.

Fed.R.App.P. 26(c) (emphasis added).

### D.   Section 1292(b)

This statute states:

When a district judge, in making in a civil action an
order not otherwise appealable under this section, shall
be of the opinion that such order involves a controlling
question of law as to which there is substantial ground
for difference of opinion and that an immediate appeal
from the order may materially advance the ultimate
termination of the litigation, he shall so state in
writing in such order.  The Court of Appeals which would
have jurisdiction of an appeal of such action may
thereupon, in its discretion, permit an appeal to be
taken from such order, if application is made to it
within ten days after the entry of the order[.]

28 U.S.C. § 1292(b).

## II.  Facts

The Court entered an order and judgment on June 30, 2008,
dismissing all claims asserted against (1) the defendant Lisa P.
Jackson in her official capacity as New Jersey Department of
Environmental Protection ("NJDEP") Commissioner and the NJDEP
itself as barred by 42 U.S.C. § 1983 and the Eleventh Amendment,
and (2) Jackson in her individual capacity (a) in equity pursuant
to the <u>Burford</u> abstention doctrine, and (b) for damages pursuant

to the <u>Williamson</u> finality rule, and in the alternative the

<u>Burford</u> abstention doctrine ("June 2008 Order").  (<u>See</u> dkt. entry

no. 10, 6-30-08 Mem. Op.; dkt. entry no. 11, 6-30-08 Order & J.)

Cummings mailed to the Office of the Clerk of this District

Court ("District Clerk") a document — containing sixteen pages of

argument — entitled "Notice Requesting Permission To Appeal FRAP

5" ("August 2008 Notice") on August 4, 2008.  (Dkt. entry no. 12,

Notice; <u>id.</u>, Certificate of Service (stating "[o]n August 4, 2008

I posted by United States mail the attached documents"); <u>id.</u>,

Envelope (indicating mailing on 8-4-08).)  The August 2008 Notice

was received — and filed — by the District Clerk on August 5,

2008.  (Dkt. entry no. 12.)  The District Clerk filed it as a

notice of appeal.  (<u>Id.</u>)  The Office of the Clerk of the Third

Circuit Court of Appeals ("Circuit Clerk") filed the August 2008

Notice on August 19, 2008.  <u>See</u> 3d Cir. No. 08-3363, Dkt.

The August 2008 Notice (1) "suggests that the Appellate

Court consider [certain arguments] in support of this Petition to

Appeal", (2) "begs the Court of Appeals to Order" certain relief,

and (3) "petitions the United States Court of Appeals for the

Third District [sic] and begs that this Court grant Cummings the

right to appeal [the District Court's] Judgment and Order pursuant

to Federal Rules of Appellate Procedure 5".  (Dkt. entry no. 12,

8-08 Pl. Br. at 5, 14-16.)

The Circuit Clerk sent Cummings a letter dated August 20,

2008, stating:

> This will advise you that the above-captioned appeal will be submitted to a panel of this Court for possible dismissal due to a jurisdictional defect.  It appears that this Court may lack appellate jurisdiction for the following reason(s):
>
> The notice of appeal in your civil case was not filed within the time prescribed by the Federal Rules of Appellate Procedure:
>
> Order entered: June 30, 2008
> Notice of Appeal filed: August 5, 2008
> Period permitted: 30 days
> Rule 4(a)(1)(A)
>
> In the case of an untimely notice of appeal in civil cases, the District Court has discretion to permit an extension of time to file the notice of appeal; (1) where a motion requesting such relief is filed not later than 30 days after the normal appeal period; and (2) where good cause or excusable neglect is shown.  <u>See</u> Federal Rules of Appellate Procedure 4(a)(1) and 4(a)(5) . . . .
>
> The District Court may reopen the time for appeal when a party entitled to notice of entry of a judgment or order did not receive such notice from the court or any party within 21 days of its entry: (1) upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier; and (2) upon finding that no party would be prejudiced. <u>See</u> Federal Rule of Appellate Procedure 4(a)(6) . . . .
>
> Jurisdictional defects cannot be remedied by the court of appeals.  The parties may submit written argument in support of or in opposition to dismissal of the appeal for lack of appellate jurisdiction.

<u>See</u> 3d Cir. No. 08-3363, Dkt., 8-20-08 Letter.

Cummings then mailed the Extension Motion — containing three pages of argument — to the District Clerk on September 2, 2008. (<u>See</u> dkt. entry no. 14, Certification of Service (stating "[o]n September 2, 2008 the above listed documents were posted via U.S. Mail"); <u>id.</u>, Mail Label posted and dated 9-2-08.)  The Extension Motion was received — and filed — by the District Clerk on

September 3, 2008.  (Dkt. entry no. 14.)  The Circuit Clerk filed
the Extension Motion on September 5, 2008.  See 3d Cir. No. 08-
3363, Dkt.

> Cummings argues in support thereof that Appellate Rule 26(c):
>
> provides for 3 calendar days to be added to the
> prescribed period.  My computation derives the required
> filing date to be August 4, 2008.  I have enclosed a
> copy of U.S. Postal Service Form 3800, a receipt
> representing the posting of [the August 2008 Notice]
> submitted August 4, 2008.

(Dkt. entry no. 14, 9-08 Pl. Br. at 2.)  He also argues that: (1)
he relies on Appellate Rule 4(a)(5)(a); (2) "[t]he time specified
for filing pursuant to [Appellate Rule] 5(a)(2) is provided by
[Appellate] Rule 4(a)"; (3) he was "confus[ed]" by this Court's
statements in the memorandum opinion underlying the June 2008
Order on the flexibility afforded for appeals in the New Jersey
state courts, and thus is "compliant"; and, (4) "I realize my
error and beg this Court review [the August 2008 Notice] as
evidence of my sincere effort to obtain relief as per the Rule of
Law."  (Id. at 1-3.)

### DISCUSSION

The United States Supreme Court "ha[s] long and repeatedly
held that the time limits for filing a notice of appeal are
jurisdictional in nature."  Bowles v. Russell, 127 S.Ct. 2360,
2362 (2007); see id. at 2366 (making "clear that the timely
filing of a notice of appeal in a civil case is a jurisdictional
requirement").  The Court will proceed herein accordingly.

I.   **What Is The August 2008 Notice?**

A.   **Appellate Rule 5(a)**

The August 2008 Notice appears to seek relief directly from the Third Circuit Court of Appeals.  See supra p.4.  Also, Appellate Rule 5(a) contemplates relief to be awarded by an appellate court.  See Fed.R.App.P. 5(a)(1) (directing filing of petition "with the circuit clerk").

Appellate Rule 5(a)(3) — although stating that a district court may amend its order, either on its own or upon a motion, to permit an appeal — contemplates an appellate court's determination after the district court makes a determination under 28 U.S.C. § 1292(b).  See Chao v. Roy's Constr., 517 F.3d 180, 188 (3d Cir. 2008) (stating appellate court may grant review after district court grants permission); Armament Sys. & Procs. v. Monadnock Lifetime Prods., Misc. No. 476, 1996 WL 506160, at *1 (7th Cir. Aug. 30, 1996) (discussing Appellate Rule 5(a) petition to appellate court after district court certifies order pursuant to 28 U.S.C. § 1292(b)); Calhoun v. Yamaha Motor Corp., U.S.A., 40 F.3d 622, 625-26 (3d Cir. 1994) (same); Gribble v. Bass, Nos. 91-5795, 91-5798, 91-5799, 91-5801, 1991 WL 148738, at *1 (6th Cir. Aug. 5, 1991) (stating "§ 1292(b) certification of an interlocutory appeal by the district court is a prerequisite to the filing of a Fed.R.App.P. 5(a) petition for permission to appeal in this court"); Natale v. Mt. Sinai Med. Ctr., No. 90-8144, 1993 WL

7

321575, at *1 n.1 (S.D.N.Y. Aug. 18, 1993) (stating — as to
argument "in [party's] moving papers that she was petitioning for
leave to appeal pursuant to Rule 5, Fed.R.App.P." — "the petition
for leave to appeal should be directed to the court of appeals
after the district judge 'state[s] in writing' that the order
meets the requirements for an interlocutory appeal").

### B.   Section 1292(b)

Cummings did not move for, and the August 2008 Notice cannot
be construed as seeking, certification for immediate appellate
review under 28 U.S.C. § 1292(b).  In any event, such a request
would be unnecessary because the June 2008 Order is final, and
thus appealable as of right.  See, e.g., Hi Tech Trans v. New
Jersey, 382 F.3d 295, 302 (3d Cir. 2004) (stating "Burford
abstention order is a final, appealable order").

### C.   Appellate Rule 4(a)

The August 2008 Notice cannot be construed as seeking to
extend the time to file a notice of appeal under Appellate Rule
4(a)(5)(A).[1]  There is no argument to be found among the sixteen
pages (1) referring to Appellate Rule 4, or (2) stating that an
extension should be granted.  (See 8-08 Pl. Br.)  Indeed, as will

---

[1]   It would have been timely if so construed, as (1) the
June 2008 Order was entered June 30, 2008, (2) the initial time
period to file a notice of appeal expired on July 30, 2008, (3)
the thirty-day period following the initial time period expired
on August 29, 2008, and (4) the August 2008 Notice was filed on
August 5, 2008.  See Fed.R.App.P. 4(a)(5)(A)(i).

be discussed _infra_, Cummings thought he had timely filed the
August 2008 Notice by mailing it on August 4, 2008.

The August 2008 Notice also cannot be construed as seeking
relief under Appellate Rule 4(a)(6).  Cummings does not suggest
that he was not timely notified of the entry of the June 2008
Order.  (_See_ 8-08 Pl. Br.)

**D.   Notice Of Appeal**

The August 2008 Notice is not a motion pursuant to Appellate
Rules 4(a).  It cannot be construed as a motion pursuant to
Section 1292(b).  To construe it as motion pursuant to Appellate
Rule 5(a) would be to construe it as seeking relief that is
beyond the authority of this District Court to grant.

The Court is constrained, as were the District Clerk and the
Circuit Clerk, to construe the August 2008 Notice as a notice of
appeal.  _See_ _Lai v. Highland Park Bor._, 271 Fed.Appx. 255, 256-57
(3d Cir. 2008) (construing _pro_ _se_ plaintiff's motion to extend
time to file notice of appeal as the notice of appeal); _McCann v._
_Winslow Twp._, No. 08-1369, 2008 WL 4900392, at *1 (3d Cir. Nov.
17, 2008) (construing letter indicating intent to appeal as the
notice of appeal); _Claycomb v. Playtex Prods._, No. 06-120, 2008
WL 2572803, at *1 n.1 (D. Del. June 27, 2008) (construing letter
referencing desire to appeal as the notice of appeal); _see also_
_Greenblatt v. Orenberg_, No. 03-2240, 2008 WL 183897, at *2 (D.N.J.
Jan. 18, 2008) (stating "Third Circuit recognized the filing",

which was entitled "Notice of Motion for Leave to File a Notice of Appeal Nunc Pro Tunc", as "a notice of appeal and issued a letter . . . informing [the party] that his petition was filed outside of the time limit provided for appeals under [the Appellate Rules]").

## II.   August 2008 Notice Was Untimely

Cummings had until July 30, 2008, to timely file a notice of appeal.  See Fed.R.App.P. 4(a)(1).[2]  The August 2008 Notice — construed as a notice of appeal — was untimely filed on August 5, 2008.  Cummings was required to move pursuant to Appellate Rule 4(a) to extend the time to file a notice of appeal, and he has done so in the form of the Extension Motion.

## III. Extension Motion Will Be Denied

### A.   Appellate Rule 4(a)(5)(A)(i)

Cummings had to file a motion to extend by August 29, 2008, which was thirty days after the deadline for filing a notice of appeal, i.e., July 30, 2008.  See Fed.R.App.P. 4(a)(5)(A)(i).

Cummings did not file the Extension Motion until September 3, 2008, and thus Appellate Rule 4(a)(5)(A) affords no relief. See Hurst v. PNC Bank, 144 Fed.Appx. 256, 257 (3d Cir. 2005) (stating, where motion to extend was filed after time prescribed by Appellate Rule 4(a)(5), "motion was untimely and the District Court had no authority to grant it"); White v. Zimmerman, No. 01-5208, 2001 WL 1029140, at *1 (D.C. Cir. Aug. 29, 2001) (stating

---

[2]  The June 2008 Order was entered June 30, 2008.  July 30, 2008, was thirty days thereafter.

"[t]o obtain relief under Rule 4(a)(5), appellant was required to move for an extension of time no later than 30 days after the time for appeal expired"); <u>Goode v. Winkler</u>, 252 F.3d 242, 245 (2d Cir. 2001) (stating — where party had to move to extend by January 31, 2000 — district court abused discretion in granting motion to extend filed on February 2, 2000, as "even assuming that [party] made a showing of good cause for an extension, the untimely motion should not have been entertained"); <u>Tilia Trust Reg. v. Aiken & Mansuy</u>, 10 Fed.Appx. 621, 622 (9th Cir. 2001) (stating — where motion to extend was filed ten days late — "where a party files its motion for extension of time more than 30 days after the time prescribed by Rule 4(a) expires, a district court lacks authority under Rule 4(a)(5) to extend the time for filing a notice of appeal").

### B.  Appellate Rule 4(a)(5)(A)(ii)

The Court — because Cummings filed the Extension Motion in an untimely manner — need not determine whether Cummings showed excusable neglect or good cause for filing an untimely notice of appeal.  <u>See</u> Fed.R.App.P. 4(a)(5)(A)(ii).  In any event, the Court would have found that Cummings failed to show (1) excusable neglect, as he chose to mail the August 2008 Notice at such a late date, or (2) good cause, as the delay was in his control. <u>See Hayes v. Genesis Health Ventures</u>, 248 Fed.Appx. 475, 476-77 (3d Cir. 2007) (affirming district court order denying Appellate Rule 4(a)(5) motion on similar grounds).

11

Cummings's purported reliance on Appellate Rule 26(c) also would fail to show good cause.  Appellate Rule 26(c) does not extend the time to file a notice of appeal from an appealable paper, as the "prescribed period" begins to run when the paper is "entered" as opposed to "served on" a party.  See Brookens v. Brookens, No. 04-7056, 2004 WL 1628697, at *1 (D.C. Cir. July 20, 2004); Ludgood v. Apex Marine Corp. Ship Mgmt., 311 F.3d 364, 367 (5th Cir. 2002); J.D. v. Kanawha County Bd. of Educ., 517 F.Supp.2d 822, 823 (S.D. W. Va. 2007); Smith v. Altegra Credit Co., No. 02-8221, 2004 WL 2521178, at *1 (E.D. Pa. Nov. 5, 2004).

Appellate Rule 26(c) — even if applicable — would not afford Cummings relief.  The August 2008 Notice was not received by the District Clerk, and thus not "filed", until August 5, 2008, which was one day after the additional period would have expired.  See Fed.R.App.P. 25(a)(2)(A) (stating "[f]iling may be accomplished by mail addressed to the clerk, but filing is not timely unless the clerk receives the papers within the time fixed for filing").[3] The Appellate Rules affording extra time to incarcerated parties also do not apply here, as Cummings is not incarcerated.  See, e.g., Fed.R.App.P. 4(c), 25(a)(2)(C).

---

[3]  Cummings had until July 30, 2008, to file a notice of appeal.  Saturday, August 2, 2008, fell three days thereafter, and thus Monday, August 4, 2008, would have been the operative date.  See Fed.R.App.P. 26(a)(3) (excluding Saturday and Sunday if either falls on last day to comply).

Cummings's argument that he was confused when mailing the August 2008 Notice and now realizes his error would also fail to show good cause.  See Smith, 2004 WL 2521178, at *2 (finding argument that party was confused by Appellate Rules did not qualify as good cause).[4]

### C.   Appellate Rule 4(a)(6)

The Circuit Clerk advised Cummings of Appellate Rule 4(a)(6). See 8-20-08 Letter.  There is no argument to be found among the three pages referring to this rule, and therefore the Court need not address it.  (See 9-08 Pl. Br.)  In any event, the docket reflects that the District Clerk served Cummings with the June 2008 Order at the address he provided, thereby tending to show that he did timely receive it.  (See dkt. entry no. 11.)  See Claycomb, 2008 WL 2572803, at *1-*2 (stating (1) letter construed as notice of appeal could not be construed as motion under Appellate Rule 4(a)(6) as well, as no mention of reopening time made therein, and (2) supplemental filing by party makes no mention of same).

---

[4]  Even if Appellate Rule 26 applied to the Extension Motion, then (1) Monday, September 1, 2008, which was Labor Day, fell three days after August 29, 2008, (2) the operative date would have been September 2, 2008, and (3) the Extension Motion was not filed until September 3, 2008.

**CONCLUSION**

The August 2008 Notice (1) is construed to be a notice of appeal, and (2) was untimely filed.  The Extension Motion will be denied as untimely.  The Court will issue an appropriate order.[5]


                                    s/ Mary L. Cooper
                              **MARY L. COOPER**
                              United States District Judge

Dated:    December 18, 2008

_____

     [5]  The Court will not stretch the Appellate Rules to construe (1) the August 2008 Notice as being a motion that (a) is unfettered by the need to raise all arguments in support promptly, and (b) reserves the right to raise new arguments thereafter, and (2) the Extension Motion as supplemental briefing wherein the arguments under Appellate Rule 4(a)(5) are deemed to be raised in support of the August 2008 Notice nunc pro tunc.